UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF MARE SHIPPING
INC. and APOSTOLOS MANGOURAS, for an
Order Pursuant to 28 U.S.C. §1782 to Conduct
Discovery for Use in Foreign Proceedings

13 MISC. NO. 00238

## NON-PARTY HOLLAND & KNIGHT LLP'S OBJECTIONS
## TO APPLICANTS' SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26, 45(c) and (d), Holland & Knight LLP ("H&K"), an entity subpoenaed pursuant 28 U.S.C. § 1782 to produce documents and electronic data for use in cases pending before a foreign tribunal, hereby objects to the Subpoena dated July 10, 2013, to Produce Documents (the "Subpoena") propounded by applicants Mare Shipping Inc. and Apostolos Mangouras ("Applicants") (each such document request a "Request" and together the "Requests"), as follows:

### GENERAL OBJECTIONS

A. Objections to All Requests

H&K makes the following general objections (the "General Objections") with respect to the Requests and incorporates by reference said objections into each specific Objection to a Request as if set forth fully therein. The assertion of the same, similar, or additional Objections to specific Requests does not waive any of H&K's General Objections as set forth below:

1.    H&K objects to the Subpoena because, upon information and belief, the evidentiary phase of the foreign proceedings in Spain, for which the documents have been sought, is now closed.

2.    H&K objects to the place of production identified in the Subpoena. To the extent that any documents are required to be produced in response to the Subpoena, H&K will coordinate the place of production through counsel.

3.     H&K objects to any Request to the extent that it seeks to expand the scope of, or imposes upon H&K, obligations greater than those required by the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Southern District of New York.

4.     H&K objects to the Subpoena because it is unduly burdensome in that the time period designated for production is unreasonably short (less than one week), given the voluminous amount of electronically stored and other information which would have to be reviewed for relevance, privilege and confidentiality objections.

5.     H&K objects to the Subpoena because Plaintiffs have not taken reasonable steps to avoid imposing an undue burden or expense upon H&K. *See* Fed. R. Civ. P. 45(c)(1), Fed. R. Civ. P. 45(c)(3)(A)(iv).

6.     H&K objects because the electronically stored information sought is not reasonably accessible because of undue burden in locating, retrieving the majority of data from storage, assessing the information which would impose unreasonable costs on H&K, without provision for reasonable compensation to H&K. *See* Fed. R. Civ. P. 45(d)(1)(D).

7.     H&K objects to the Subpoena because Plaintiffs have not shown a substantial need for the material that cannot be otherwise met without undue burden, hardship or expense to H&K, or ensure that H&K will be reasonably compensated. *See* Fed. R. Civ. P. 45(c)(3).

8.     H&K objects to any Request to the extent that it is overbroad, unduly burdensome, oppressive, and seeks documents, electronically stored information that is duplicative of, and available from or otherwise in the possession, custody or control of Squire, Sanders & Dempsey ("SS&D"), the current employer of Brian Starer, Esq., ("Starer") who has been served with a subpoena to testify concerning matters relating to the information sought in

the subpoena.  SS&D has also been served with a similar subpoena.  H&K, which represented the Kingdom of Spain ("Spain") from inception of Spain's action against the American Bureau of Shipping and others filed in the United States District Court for the Southern District of New York in 2003, *Reino de España v. American Bureau of Shipping*, No. 03 Civ. 3573 (the "New York Action"), transferred all its hard copy files (approximately 1,000 boxes) and voluminous electronic data files in that case to SS&D.  The transfer was consummated at the direction of Spain in August and September 2008 when Starer and two other lawyers left H&K to join SS&D and Spain terminated its attorney-client relationship with H&K and became a client of SS&D. The transfer was overseen by the principal records clerk for Spain's lawsuit, and H&K's lead IT Specialist, both of which left H&K for SS&D soon after the transfer was complete.  SS&D continued the representation of Spain as its counsel in the New York Action until that case was dismissed in 2012.  *See* 691 F.3d 461 (2d Cir. 2012).  During the five years that H&K represented Spain, approximately 100 fact witness depositions and 30 expert depositions were taken.  There were voluminous document exchanges and numerous procedural and substantive motions filed and decided.

9.      We note that at pp. 2-3 of the objections filed by SS&D, dated July 17, 2013, to the similar subpoena served by Applicants on SS&D on July 12, 2013.  SS&D described the totality of the paper files maintained by it in the matters which would include paper files transferred by H&K to SS&D in August 2008.  H&K did not retain copies of the paper files. Importantly, SS&D confirms that they are in possession of an email file containing both H&K and SS&D emails commencing in 2002, after the casualty, to the present.  SS&D also acknowledges that they possess approximately 2,500 pages of single-spaced H&K billing records.

10.     SS&D's objections also acknowledge that it possesses a local drive containing 12 Summation databases totaling 336 gigabytes in size.  This is consistent with the contents of the local drive prepared by H&K and sent to SS&D in or about August 2008 when Mr. Starer left H&K to join SS&D.

11.     SS&D also acknowledges possession of an 82 megabyte database containing photographs and images of documents such as maps, charts, diagrams, *etc.*; H&K notes that it transferred this type of data to SS&D in August 2008.

12.     H&K objects to any Request to the extent that it is vague, ambiguous, unintelligible, unclear, or susceptible to varying interpretations.  H&K responds to the Subpoena based upon its understanding of the specific Request.  H&K reserves the right to assert further specific objections in the event the Request is clarified.

13.     H&K objects to the Subpoena to the extent that it seeks information which is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity from discovery.

14.     H&K objects to the Subpoena because Applicants have failed to allow a reasonable time or place to comply given the voluminous information sought, which was collected over five years in litigation which involved the collection of hundreds of thousands of pages of documents, voluminous emails sent and received over that period, over 100 fact and 30 expert depositions, and the production of documents by a foreign government, Spain.  The identification and review of the files for the requested information is unduly burdensome and imposes unreasonable costs and expenses on H&K.  The review of documents and electronic data to determine the applicability of attorney-client and work product privileges and identify

confidential information are not possible in the 6 day period called for in the Subpoena, and could take months to complete, at great expense to H&K.

15.    H&K objects to producing any confidential documents, material, or electronic data or emails without entry of an appropriate confidentiality stipulation and protective order.

16.    The foregoing objections and responses are based on H&K's knowledge, information and belief at this time.   H&K specifically reserves the right to amend these Objections should additional information become available and to use such information in this or any other action, or any subsequent proceeding.   H&K further reserves the right to raise any additional objections deemed necessary or appropriate in light of the result of any further review.

17.    H&K is unable to produce any documents which were covered by a Confidentiality Order in the New York Action without (a) a similar confidentiality order being entered prior to production and (b) any party to such a confidentiality order in the New York Action having a right to object or otherwise assert its rights as may be provided in the New York Action Confidentiality Order.

B.    Objections to Instructions and Definitions

18.    H&K objects to the Definitions and Instructions to the extent that they seek to impose requirements or obligations on H&K in addition to or different from those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of New York.   H&K will not undertake, assume, or comply with Definitions and Instructions to the extent they exceed the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Southern District of New York.   H&K's responses to any such Request shall not be construed as an admission, agreement or acquiescence in any such Definition or Instruction.

19.     H&K further objects to the Definitions and Instructions to the extent they purport to alter the plain meaning of any word on the ground that such alteration renders the request vague, ambiguous, unduly broad and/or uncertain, by failing to adequately define terms, by redefining commonly used words or by using terms the meaning of which are not readily available or decipherable.

20.     H&K objects to Definition No. 1 to the extent that it requires H&K to do any other than produce relevant non-privileged documents or seeks to impose any obligation on H&K beyond that imposed by the Federal Rules of civil Procedure or the Local Rules of the Southern District of New York.

21.     H&K objects to Definition No. 2 to the extent it imposes undue expense and burden on H&K, a non-party to the foreign proceedings.

22.     H&K objects to Definition No. 3 to the extent it imposes a burden on H&K to determine what evidence may be admissible in the Spanish civil and criminal proceedings. H&K also objects to the extent the Spanish civil and criminal proceedings have been closed with respect to the submission of further evidence and further to the extent the "evidence" sought by the Subpoena is not admissible in those proceedings, if the proceedings have not been closed as to further evidence.

23.     H&K objects to Definition No. 5 to the extent it includes the American Bureau of Shipping Inc., its employees, agents, servants and representatives in the definition.

24.     H&K objects to Instructions 7, 9, 10, 11, 12 to the extent those Instructions exclude a production of documents by H&K that conforms with the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

25.     H&K objects to Instruction 13 to the extent it imposes requirements on H&K that go beyond producing electronic data in its current form.

26.     H&K objects to any Instruction to the extent it mischaracterizes the requirements of Federal Rule of Civil Procedure 45(d).   If documents are required to be produced, those documents will be produced as they are kept in the files of H&K.   Fed. R. Civ. P. R. 45(d).

27.     H&K objects to Instruction No. 11, to the extent that lost, destroyed or missing documents cannot be identified and because asking H&K's employees to recall and identify documents that they may have routinely lost, destroyed or discarded, is unduly burdensome since H&K has not been involved in the representation of Spain in the New York Action since August 2008.

28.     H&K objects to the absence of a relevant time period in the Subpoena because H&K has not been counsel to Spain in the New York litigation since August 2008.

29.     The specific responses set forth below are based upon information now available to H&K.   H&K has not yet completed its investigation or its diligent search of files in its possession, custody, or control that reasonably relate to the specific Requests contained in the Subpoena.   H&K objects to the Subpoena to the extent it purports to demand production of documents not in the possession, custody, or control of H&K, or to require a search of files that do not reasonably relate to one or more of the specific Requests contained in the Subpoena.

30.     H&K expressly reserves the right to modify and supplement these responses and objections.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever, which in any way relate to or concern Capt. Efstratios Kostazos;

**OBJECTIONS:**

Subject to its General Objections, H&K objects to Request No. 1 to the extent that it requests documents or communication "in any form whatsoever" that "concern" or "relate to" Captain Efstratios Kostazos and to the extent that these terms are vague and ambiguous and do not describe the documents sought with sufficient particularity. H&K will construe such terms to encompass documents or communications the contents of which constitute or reasonably can be determined to refer to the matter in question.

H&K further objects to Request No. 1 to the extent it requires "any and all" of the documents or electronic data sought on the grounds that such Request is overly broad and will require H&K to expend excessive time and incur undue and unnecessary expense to search voluminous electronic files. Further, the Request is duplicative of a request made in a subpoena simultaneously served by Applicants on July 12, 2013 on SS&D. In August 2008, H&K transferred to SS&D the Summation databases described at p. 3 of SS&D's July 17, 2013 objections to Applicants' subpoena, and SS&D has possession of hard copy files H&K transferred to SS&D in August or September 2008 at the request of Spain (and as to which H&K did not retain copies).

**REQUEST NO. 2:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever which are either to, from or between the officers and/or crew of PRESTIGE which in any way relate to the evidence provided by Capt. Kostazos in either the New York or Spanish Actions regarding the M.T. PRESTIGE.

**OBJECTIONS:**

Subject to its General Objections, H&K objects to the phrase "which in any way relate to the evidence provided by Capt. Kostazos" in either the New York or Spanish Actions regarding the M.T. PRESTIGE" on the grounds that the phrase is vague, ambiguous, overbroad, and relates to purported testimony of Captain Kostazos in the New York Action, something which did not occur during the time in which H&K represented Spain in that matter. H&K further objects on the grounds that the Declaration of Captain Kostazos, as asserted in Applicants' supporting papers, was prepared by SS&D in 2009, over a year after H&K no longer represented Spain in the New York Action. H&K further objects that it was not present at either of the Spanish proceedings and has not seen a transcript of Captain Kostazos' testimony in the Spanish proceedings concerning the M.T. PRESTIGE.

H&K further objects that the Request is unnecessarily burdensome and expensive for the reasons set forth in Objection 1 above. In addition, H&K objects because the Request is duplicative, as a similar request has been made in a subpoena simultaneously served by Applicants on SS&D, which consulted with Captain Kostazos at the time his Declaration was prepared, and upon information and belief, SS&D, represented by Mr. Starer, was present when Captain Kostazos testified in the Spanish proceedings.

**REQUEST NO. 3:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever, which in any way relate to or concern Mr. Jens Jorgen Thuesen, the Danish Pilot of PRESTIGE

**OBJECTIONS:**

Subject to its General Objections, H&K objects to Request No. 3 to the extent that it requests documents or communication "in any form whatsoever" that "concern" or "relate to" Mr. Jens Jorgen Thuesen and to the extent that these terms are vague and ambiguous and do not describe the documents sought with sufficient particularity.  H&K will construe such terms to encompass documents or communications the contents of which constitute or reasonably can be determined to refer to the matter in question.

H&K further objects to Request No. 3 to the extent it requires "any and all" of the documents and electronic data requested on the grounds that such Request is overly broad and as it will require H&K to expend excessive time and incur undue, unreasonable and unnecessary expense to search voluminous electronic and hard copy files.  Further, the Request is duplicative of a request made in a subpoena simultaneously served by Applicants on SS&D, which not only has access to the Summation databases, but has possession of hard copy files not in the possession of H&K as they were transferred to SS&D in August or September 2008 at the request of Spain.

**REQUEST NO.4:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever, which in any way relate to or concern the opinions expressed by Mr. Thuesen about the condition of the M.T. PRESTIGE for use in either the New York or the Spanish Actions in regard to the M.T. PRESTIGE

**OBJECTIONS:**

Subject to its General Objections, H&K objects to the phrase "which in any way relate to or concern the opinions expressed by Mr. Thuesen" in either the New York or Spanish Actions regarding the M.T. PRESTIGE" on the grounds that the phrase is vague, ambiguous, and overbroad. H&K further objects that it was not present at either of the Spanish proceedings, has not seen a transcript of Mr. Thuesen's testimony in the Spanish proceedings concerning the M.T. PRESTIGE.

H&K further objects that the Request is unnecessarily burdensome and unreasonably expensive for H&K to search its records for references to Mr. Thuesen, as well as duplicative, as a similar request has been made in a subpoena simultaneously served by Applicants on SS&D, which is in possession of all hard copy files relating to the New York Action maintained by H&K prior to August 2008 when those files were transferred to SS&D, as well as voluminous electronic data transferred by H&K to SS&D.

**REQUEST NO. 5:**

Any and all photographs, documents or other evidence exhibited to Mr. Jens Jorgen Thuesen in the preparation or execution of the declaration he signed for use in the New York Action.

**OBJECTIONS:**

Subject to its foregoing Objections, H&K objects on the grounds that Applicants assert that the photographs, documents or other evidence allegedly shown to Mr. Thuesen in the preparation or execution of his Declaration in 2005 were shown to him by Mr. Starer. It would be unduly burdensome and expensive for H&K to have to search its files, for documents which may or may not exist, when SS&D has possession of hard copy files and electronic data, including photographs transferred by H&K to SS&D which may provide the information sought.

**REQUEST NO. 6:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever, which in any way relate to or concern Mr. George Alevizos; and

**OBJECTIONS:**

Subject to its General Objections, H&K objects to Request No. 6 to the extent that it requests documents or communication "in any form whatsoever" that "concern" or "relate to" Mr. George Alevizos and to the extent that these terms are vague and ambiguous and do not describe the documents sought with sufficient particularity. H&K will construe such terms to encompass documents or communications the contents of which constitute or reasonably can be determined to refer to the matter in question.

H&K further objects to Request No. 6 to the extent it requires "any and all" of the documents and electronic data requested on the grounds that such Request is overly broad and as it will require H&K to expend excessive time and incur undue, unreasonable and unnecessary expense to search voluminous electronic and hard copy files. Further, the Request is duplicative

12

of a request made in a subpoena simultaneously served by Applicants on SS&D, which not only has access to the Summation database, but has possession of hard copy files not in the possession of H&K as they were transferred to SS&D in August or September 2008 at the request of Spain.

**REQUEST NO.7:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, and/or any and all other documents or records, in any form whatsoever which are either to, from or between the officers and/or crew of PRESTIGE which in any way relate to the evidence provided by Mr. George Alevizos in either the New York or Spanish Actions.

**OBJECTIONS:**

Subject to its General Objections, H&K objects to the phrase "which in any way relate to the evidence provided by Mr. George Alevizos" in either the New York or Spanish Actions regarding the M.T. PRESTIGE" on the grounds that the phrase is vague, ambiguous and overbroad.  H&K further objects that it was not present at either of the Spanish proceedings and has not seen a transcript of Mr. Alevizos' testimony in the Spanish actions concerning the M.T. PRESTIGE.

H&K further objects that the Request is unnecessarily burdensome and unreasonably expensive for H&K to search its records for references to Mr. Alevizos, as well as duplicative, as a similar request has been made in a subpoena simultaneously served by Applicants on SS&D, which has possession of all H&K former hard copy files relating to Mr. Alevizos, as well as H&K's electronic data related to Mr. Alevizos.

**REQUEST NO. 8:**

Any and all correspondence, notes, memoranda, time records, bills and other billing records, made and/or any and all other documents or records, in any form, which in any way relate to or concern Mr. George Alevizos' possession of documents previously found in the files of Universe Maritime, Inc., including when and how they were delivered to Spain's New York.

**OBJECTIONS:**

Subject to its General Objections, H&K objects to the phrase "which in any way relate to or concern Mr. George Alevizos' possession of documents previously found in the files of Universe Maritime, Inc., including when and how they were delivered to Spain's New York", on the grounds that the phrase is vague and ambiguous, overbroad and unduly burdensome and expensive. H&K objects to the Request as unduly burdensome and expensive to the extent it requires H&K to identify documents previously located in the files of Universal Maritime, Inc. It is duplicative of a similar request made by Applicants in a subpoena to SS&D, which has possession of the hard copy files transferred by H&K to SS&D in 2008 plus access to electronic data transferred by H&K to SS&D at the same time.

**REQUEST NO. 9:**

Evidence of any and all payments or other remittances made by anyone to Mr. Alevizos in relation to services provided by him in relation to the M.T. PRESTIGE

**OBJECTIONS:**

H&K objects to Request No. 9 to the extent it is duplicative of a similar request made to SS&D, which has acknowledged that it has 2,500 pages, single-spaced, of H&K billing records and also has hard copy files in its possession that H&K no longer has, H&K having transferred

them to SS&D in 2008.  SS&D also has H&K's billing files for the New York Action that may

contain the requested information, as previously described.  H&K further objects on the grounds

that the request is unduly burdensome, and unreasonably expensive to H&K.


Dated: July 18, 2013

<div style="margin-left:40%">

HOLLAND & KNIGHT LLP
*Pro Se*

By: _____
H. Barry Vasios, Esq.
31 West 52nd Street
New York, New York 100019
(212) 513-3200
barry.vasios@hklaw.com

</div>

To:    Thomas L. Tisdale, Esq.
       Tisdale Law Offices, LLC
       60 East 42nd Street, Suite 1638
       New York, NY  10165
       (212) 354-0025
       ttisdale@tisdale-law.com
       *Attorney for Mare Shipping, Inc.*
               *and Apostolos Mangouras*