UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE APPLICATION OF MARE SHIPPING
INC. and APOSTOLOS MANGOURAS, for an
Order Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings
-----------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-13

13 Misc. 238
Part I
MEMORANDUM
AND ORDER

CASTEL, District Judge:

       Mare Shipping Inc. and Apostolos Mangouras (collectively, the "Applicants")
move to compel compliance with a subpoena directed to the law firm Squire Sanders LLP and
one of its partners, Brian Starer (collectively, the "Respondents"). The subpoena seeks
documents and deposition testimony related to Respondents' service as counsel for the Kingdom
of Spain in a prior action in this district. The documents and testimony are said to relate to a
proceeding pending in the Kingdom of Spain and are sought pursuant to 28 U.S.C. § 1782.
Respondents oppose the motion. For reasons that will be explained below, the Applicants'
motion is denied.

<u>BACKGROUND</u>

       In November 2002, the <u>Prestige</u>, a Bahamian-flagged oil tanker, sank off the coast
of Spain. In 2003, the Kingdom of Spain commenced an action against the American Bureau of
Shipping and other associated entities in this district. <u>Reino De Espana v. American Bureau of
Shipping</u>, 03 Civ. 3573 (LTS). That action and the related appeals were resolved in favor of the
defendants on August 29, 2012. (03 Civ. 3573 Dkt. 303.)

       Separately, Spanish state attorneys brought an action against Captain Apostolos
Mangouras and Mare Shipping Inc. in the Provincial Court of La Coruña, Spain. A public
hearing began on October 16, 2012 and concluded on July 10, 2013. (Waters Aff. Ex. B. ¶ 5.)

On July 8, 2013, Applicants sought an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceeding. (Dkt. 1.) Applicants allege that the testimony of three witnesses at the Spanish trial requires discovery from the law firm and one of its partners. They contend that: (1) the declaration of Captain Efstratios Kostazos in the New York action was false and contrary to his testimony in the Spanish trial; (2) Respondents coerced George Alevizos to serve as a paid expert in the New York action by threatening him with prosecution in Spain; and (3) the declaration of Jens Jorgen Thuesen in the New York action was based on misleading documents provided to him by Respondents. (Dkt. 2, Mem. in Supp. 11-21.) Respondents refute these allegations. Applicants admit that the allegedly false declarations were available to the Applicants' Spanish lawyers, who were able to use, and in Captain Kostazos' case, did use, the declarations to cross examine the witnesses during the Spanish trial. (Dkt. 20, Tr. 5.5-6.7 July 22, 2013.)

Subpoenas were authorized by the Judge presiding in Part I on July 10, 2013, and were served on Respondents and Holland & Knight LLP on July 12, 2013. (Dkt. 9-11; 16-18.) The subpoenas sought depositions of Respondents and production of documents relating to the Respondents' representation of Spain in the New York and Spanish actions, including internal firm records, memoranda, correspondence, and bills regarding the representation. (Dkt. 9-11, Ex. A.) Respondents filed objections to the subpoenas. (Dkt. 7, 8.) Holland & Knight LLP initially objected to the subpoena, but on July 19, 2013, its counsel filed a letter reporting that the firm had reached an agreement with Applicants. (Dkt. 12, 19.) Thereafter, the parties appeared before the undersigned on Applicants' motion to compel.

## DISCUSSION

### I.  Subject Matter Jurisdiction

Respondents contend that this Court lacks subject matter jurisdiction to enforce the subpoenas because the subject of the subpoena is the Kingdom of Spain, for which they acted as counsel, and which enjoys foreign sovereign immunity.  Subject to treaty and statutory exceptions, foreign states are immune from the jurisdiction of the courts of the United States under the Foreign Sovereign Immunities Act ("FSIA").  28 U.S.C. § 1604.  "FSIA immunity is immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation."  EM Ltd. v. Republic of Argentina, 473 F.3d 463, 486 (2d Cir. 2007) (quoting Kelly v. Syria Shell Petroleum Dev. B.V., 213 F.3d 841, 849 (5th Cir. 2000)).

The FSIA's definition of a foreign state includes "agencies and instrumentalities" of a foreign state.  28 U.S.C. § 1603(a).  "An 'agency or instrumentality of a foreign state' means any entity – (1) which is a separate legal person, corporate or otherwise, and (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and (3) which is neither a citizen of a State of the United States . . . nor created under the laws of any third country."  28 U.S.C. § 1603(b).  The subpoena was directed to Respondents, a New York based law firm and one of its lawyers, who do not qualify as "an agency or instrumentality" of the Kingdom of Spain.  Although they are separate legal persons from the Kingdom of Spain, they are not an organ of the Kingdom of Spain, nor are they majority owned by the Kingdom of Spain or any political subdivision of the Kingdom of Spain.  Accordingly, they are not entitled to assert Spain's immunity.

3

Respondents argue that courts have quashed subpoenas served on counsel to Native American tribes on the grounds of tribal sovereign immunity.  See Catskill Development, L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 91 (S.D.N.Y. 2002) (affirming magistrate judge's quashing of subpoenas served on tribal counsel, who were not members of the tribe). However, this ruling is inapplicable here, because the FSIA, which governs the immunity of foreign sovereigns, does not govern tribal sovereign immunity.  "After the enactment of the FSIA, the Act—and not the pre-existing common law—indisputably governs the determination of whether a foreign state is entitled to sovereign immunity."  Samantar v. Yousuf, 560 U.S. 305, 130 S.Ct. 2278, 2285 (2010).  Because section 1603(b) of the FSIA defines an "agency or instrumentality of a foreign state" and Respondents do not meet that definition, Respondents do not enjoy foreign sovereign immunity.  Thus, the Court has subject matter jurisdiction to compel compliance with the subpoenas.

## II.  28 U.S.C. § 1782(a)

### a.  Authorization to Grant Request

"[A] district court is authorized to grant a § 1782 request where (1) . . . the person from whom discovery is sought reside[s] (or [is] found) in the district of the district court to which the application is made, (2) . . . the discovery [is] for use in a proceeding before a foreign tribunal, and (3) . . . the application is made by a foreign or international tribunal or any interested person."  Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004) (quotation marks and citations omitted).

#### i.  Person Residing in the District

The Respondents contend that the Kingdom of Spain is the real subject of the subpoena and it does not reside in New York.  They do not argue that the two Respondents do

not reside in New York.  Courts in this district have found that for purposes of a section 1782

claim, it is sufficient that a respondent law firm resides in this district, even if the real party in

interest, the client, resides elsewhere.

> Cravath argues that the first requirement—that the person from
> whom discovery is sought be found in the Southern District of
> New York—is not satisfied since the documents are only in
> Cravath's "temporary custody . . . solely for the purposes of the
> U.S. Litigation." . . . That argument is creative, but sails far wide
> of the mark.  Application of section 1782 does not involve an
> analysis of the duration of residency of the documents or even why
> a respondent has the documents.  It is sufficient that Respondents
> reside in this district, as they concededly do.

In re Schmitz, 259 F. Supp. 2d 294, 296 (S.D.N.Y. 2003) (Stein, J.) aff'd sub nom Schmitz v.

Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79 (2d Cir. 2004).  Here, the "person[s]" from

whom testimony and documents are sought indisputably "reside (or [are] found) in the district."

Thus, the first prong of Section 1782(a) is satisfied.

### ii.  Use in a Proceeding before a Foreign Tribunal

The application for discovery stated that the request was "for use in the

proceedings in the Audiencia Provincial Court in La Coruña, Spain and in higher courts."  (Mem.

in Supp. Dkt. 2 at 1.)  The proceedings before the Audiencia Provincial Court in La Coruña

concluded on July 10, 2013.  Applicants contend that they may attempt to enter the evidence on

appeal, in the European Court of Human Rights or in alternative actions under Spanish law.

Respondents argue that any evidence that was neither included in the trial nor sought to be

included at trial would not be admissible on appeal or in the European Court of Human Rights.

"[Section] 1782(a) requires only that a dispositive ruling . . . be within reasonable

contemplation."  Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 259 (2004).  The

Second Circuit has stated that "it is unwise—as well as in tension with the aims of section

1782—for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law." In re Euromepa S.A., 51 F.3d 1095, 1099 (2d Cir. 1995) (holding that a district court should not engage in an extensive analysis of foreign discoverability when ruling on a section 1782 application). At this stage, Applicants have sufficiently alleged that it is within reasonable contemplation that the evidence will be used in a foreign proceeding.

        iii.  Interested Person

Applicants are defendants in the action in Spain, and are thus interested persons under the statute. See Intel, 542 U.S. at 256 ("The text of § 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant.' No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782; we read § 1782's caption to convey no more."). The third prong is satisfied.

     b.  Discretionary Factors

"Once the statutory requirements are met, a district court is free to grant discovery in its discretion." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d at 83-84 (internal quotations and alterations omitted). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Id. at 84 (internal quotation marks omitted).

In Intel Corp. v. Advanced Micro Devices, Inc., the Supreme Court outlined discretionary factors for district courts to consider when ruling on a 1782(a) request. "First, when the person from whom discovery is sought is a participant in the foreign proceeding . . . the

need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought

from a nonparticipant in the matter arising abroad." Intel, 542 U.S. at 264.  "Second . . . a court

presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the

character of the proceedings underway abroad, and the receptivity of the foreign government or

the court or agency abroad to U.S. federal-court judicial assistance." Id.  Third, "a district court

could consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-

gathering restrictions or other policies of a foreign country or the United States."  Id. at 265.

"Unduly burdensome requests may be rejected or trimmed."  Id.

        The first factor (whether the person from whom discovery is sought is a party to

the foreign action) does not weigh in favor of granting the application.  Although the named

Respondents are not party to a foreign action, Spain, respondent's client, is a participant in the

foreign proceeding.  The Second Circuit has affirmed a denial of a section 1782 request when the

respondent New York law firm possessed evidence that belonged to a client, who was a party to

the foreign proceeding:  "Although technically the respondent in the district court was Cravath,

for all intents and purposes petitioners are seeking discovery from DT, their opponent in the

German litigation." Schmitz, 376 F.3d at 85.  Just as petitioners in Schmitz sought discovery

from the New York law firm's client, in this case, Applicants, for all intents and purposes, seek

discovery from Spain.  "[D]ocuments in the possession of a party's attorney are deemed to be

within the party's possession, custody, or control because the party has the legal right to obtain

the documents on demand." In re Bank of Cyprus Pub. Co. Ltd., 10 Misc. 23 (JFK), 2011 WL

223168, at *3 n.1 (S.D.N.Y. Jan. 21, 2011).   "There is no real dispute that the 'persons' from

whom discovery is sought [is] . . . the part[y] who brought the lawsuit[] in this District." Id. at

*2.  See also Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn, 91 N.Y.2d 30, 36

(1997) (holding that a client has a property interest in an attorney's file).

       Because Spain is the opposing party in the Spanish action, Applicants' need for

section 1782 discovery is less apparent, as Applicants can apply to the foreign tribunal to compel

Spain to order its U.S. lawyers to produce the materials.  Intel, 542 U.S. at 264 ("A foreign

tribunal has jurisdiction over those appearing before it, and can itself order them to produce

evidence."); see also Schmitz, 376 F.3d at 85.

       The second factor (evaluation of the nature of the tribunal, character of the

proceedings underway abroad, and the receptivity of the foreign government to judicial

assistance) and the third factor (considerations of whether the request is an attempt to circumvent

foreign proof-gathering restrictions) do not favor granting the application.  The Applicants had

the opportunity to cross-examine the witnesses in question with the allegedly false declarations

during the trial held in Spain, which has since concluded.  Additionally, the Applicants did not

seek the now-sought evidence from the Spanish court in the evidence-gathering period or during

the course of the trial.  Applicants argue that their attorneys did not request this evidence because

of the "certain outcome of such a request," as prior requests for evidence and documents from

the New York action were denied by the Spanish court.  (Rep. Mem. 14; Ruiz Soroa Supp. Decl.

¶ 5.)  Respondent Starer, who is a partner in Respondent Squire Sanders LLP, was physically

present in the Spanish courtroom and Applicants did not seek Mr. Starer's testimony in Spain.

Courts in this district have previously denied section 1782 requests when a party had not first

sought production in the foreign forum.  Aventis Pharma v. Wyeth, M-19-70 (DAB), 2009 WL

3754191, at *1 (S.D.N.Y. Nov. 9, 2009) ("[I]n five years, Aventis has never sought the subject §

1782 documents in the French Tribunal.  Regardless of whether Aventis could have gotten the

French Courts to compel production of the documents now sought, Aventis' motion is clearly an attempt to circumvent foreign proof gathering restrictions . . . .").  The Applicants similarly appear to attempt to circumvent Spanish proof-gathering restrictions by seeking documents and deposition testimony here, rather than in Spain.

Considering that, "for all intents and purposes," <u>Schmitz</u>, 376 F.3d at 85, the real subject of the subpoena is Applicants' opponent in the foreign proceeding and the failure of Applicants to seek the requested material through Spanish proof-mechanisms, the Court denies Applicants' motion.

<u>CONCLUSION</u>

For the reasons stated above, the Applicants' motion to compel is DENIED.

SO ORDERED.

P. Kevin Castel<br>
United States District Judge<br>
Part I

Dated:  New York, New York
       October 22, 2013